By the Court.—Van Vorst, J.
By the judgment of the supreme court, in the action in which Sarah Louisa Hudson was plaintiff, and Isabella Berrand and others were defendants, it was adjudged that Mary J. Watson, at the time of her decease, was seized and possessed in fee of the premises in question, and that Robert Lotta and Isabella Berrand were her heirs at law, and that the lands in question descended to them as such heirs, and was directed to be sold, in pursuance of the statute, to pay the debts of the intestate, Mary J. Watson.
Through a sale, made under this judgment, the title of the plaintiffs is directly derived. This judgment, which determined and fixed her right to the land in question, from which no appeal was taken, and which has never been questioned, was, as has been decided by two general terms of this court, on previous appeals, binding and conclusive upon Isabella Berrand and all who claim through her (Hudson v. Smith, 39 Super. Ct. 452; Cooper v. Smith, 43 Id. 9).
If Mrs. Berrand had in truth any such other claim to the land, as is now interposed by the defendant Platt, who took from her, in virtue of any moneys' paid by her to Yates, Porterfield and Wells, whether she paid such moneys for herself or her mother, she could and should have set up such claim in the action in the supreme court. The claim to the land interposed by her in that action, solely as the devisee of her mother, is inconsistent with an independent and hostile right in herself personally, through a payment made to or promise of Yates, Porterfield and Wells, as it is with the judgment, which must be held to determine her true right.
The silence of Mrs. Berrand at the time she should have spoken affords persuasive evidence that in making the payments to Yates, Porterfield and Wells, she had no idea that she succeeded to any rights in *244 hostility to those in whom the right to redeem the land then"existed, or that any promise made by the mortgagees was for her personal advantage.
But Mrs. Berrand, and those who claim through or under her, are estopped by the judgment, as against the plaintiffs, who claim through it (Freeman on Judgments, § 249; Broom Legal Max. 681).
When the case was here, on the appeal from the result of the second trial, it was stated in the opinion of the court, with respect to the claim of the defendant Platt, that he was not estopped, for the reason that he claimed through a deed from Mrs. Berrand to him, dated September 7, 1868, while the action in favor of Sarah Louisa Hudson, in the supreme court, was not commenced until the year 1869. Neither Platt, nor Tates, Porterfield and Wells, were parties to the action in the supreme court.
The last trial, however, shows that a mistake occurred on the previous one, with respect to the time of the commencement of that action. It was begun in October, 1867. This was anterior to the time that Platt acquired any supposed right through Mrs. Berrand. As she was estopped, he is also, by the judgment.
But to remove any question, as to whether or not there is or was any outstanding right in Yates, Porter-field and Wells, after the payments were made to them of the moneys loaned to Mary J. Watson, or whether the same was by such payments extinguished, before the suit'in the supreme court was instituted, that question was submitted to the jury. The verdict of the jury, under the instructions of the judge, must be construed as establishing that the title of Yates, Porter-field and Wells was extinguished by the payments.
The defendants’ exceptions are overruled, and judgment is ordered tor the plaintiffs, on the verdict, with costs.
Sedgwick, J., concurred.